UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-67-RJC

| | | |
|---|---|---|
| GREGORY DARIN ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| MECKLENBURG COUNTY JAIL, | ) | |
| FNU DAWKINS, | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint, (Doc. No. 1), and on Plaintiff's Application to Proceed in Forma Pauperis ("IFP Motion"), (Doc. No. 1-1). See 28 U.S.C. § 1915(e).

**I.    BACKGROUND**

Pro se Plaintiff Gregory Anderson is a prisoner of the State of North Carolina, currently incarcerated at the Mecklenburg County Jail in Charlotte, North Carolina. Plaintiff filed this lawsuit on February 6, 2012, pursuant to 42 U.S.C. § 1983, naming as Defendants the "Mecklenburg County Jail" and "FNU Dawkins," identified as a physician at the jail. (Doc. No. 1). Plaintiff alleges the following in his Complaint:

> On or about 12-23-2011 on my visit to sick call I asked Dr. Dawkins my result from the urologist. He said nothing was wrong according to the urologist report, but the urologist prescribed me "vesicare." I told him if nothing was wrong, then why am I being prescribed medicine? He looked at me and said, "It doesn't matter you are refusing it anyway!" I told him that I never said that to him. I told him he clearly heard me say I would like to know what the medication is and what is it used for. He then told me I don't want to get on his bad side after I told him I would sue if he withheld my prescription. That is why I requested not to see him again. Also earlier last year, Dr. Dawkins intentionally put me on the drug "carduro"—a high blood pressure pill. I specifically told him I have never had a

1

problem with my blood pressure ever. He told me I didn't know anything. I took it for several weeks but it caused sharp pains in my chest. I told him I couldn't take them anymore, I could get a heart attack. Also the jail totally ignored the request of the temperature. Almost every inmate "blocks" their air vents so they won't get sick, which the guards wear coats in the jail.

(Id. at 4). As relief, Plaintiff requests:

[a] procedure put in place for inmates to sign that they "officially" refuse medication, so it won't be any way to misconstrue somebody's claim. Inmates to be given free of charge thermal underwear (top and bottom) and the temperature to be set at an even 68 [degrees farenheit]. $750,000 for potential damage to life, limb, and usage of limbs in the wrong medication (cordural) given to me and for the intentional withholding of the prescription written for me by the urologist I saw under the care of Mecklenburg County Jail.

(Id. at 4).

## II.     STANDARD OF REVIEW

The Court first notes that, as to Plaintiff's application to proceed in forma pauperis, on March 30, 2012, the Court entered an Order waiving the initial filing fee and directing monthly payments to be made from Plaintiff's prison account. (Doc. No. 7). Plaintiff's application to proceed in forma pauperis is granted.

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

A pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under

2

federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

Claims under 42 U.S.C. § 1983 based on an alleged lack of or inappropriate medical treatment fall within the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 104 (1976). To state a claim under the Eighth Amendment, a plaintiff must show a "deliberate indifference to serious medical needs" of the inmate. Id. "Deliberate indifference requires a showing that the defendants actually knew of and disregarded a substantial risk of serious injury to the detainee or that they actually knew of and ignored a detainee's serious need for medical care." Young v. City of Mt. Ranier, 238 F.3d 567, 575-76 (4th Cir. 2001) (citations omitted). "To establish that a health care provider's actions constitute deliberate indifference to a serious medical need, the treatment must be so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." Miltier v. Beorn, 896 F.2d 848, 851 (4th Cir. 1990).

Allegations that might be sufficient to support negligence and medical malpractice claims do not, without more, rise to the level of a cognizable § 1983 claim. Estelle, 429 U.S. at 106; Grayson v. Peed, 195 F.3d 692, 695 (4th Cir. 1999) ("Deliberate indifference is a very high standard—a showing of mere negligence will not meet it."). To be found liable under the Eighth Amendment, a prison official must know of and consciously or intentionally disregard "an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994); Johnson v. Quinones, 145 F.3d 164, 167 (4th Cir. 1998). "[E]ven if a prison doctor is mistaken or negligent in his diagnosis or treatment, no constitutional issue is raised absent evidence of abuse, intentional mistreatment, or denial of medical attention." Stokes v. Hurdle, 393 F. Supp. 757, 762 (D. Md. 1975), aff'd, 535 F.2d 1250 (4th Cir. 1976). The constitutional right is to

medical care. No right exists to the type or scope of care desired by the individual prisoner. Id. at 763. Therefore, a disagreement "between an inmate and a physician over the inmate's proper medical care [does] not state a § 1983 claim unless exceptional circumstances are alleged." Wright v. Collins, 766 F.2d 841, 849 (4th Cir. 1985) (dismissing the plaintiff's § 1983 claim against a defendant physician for allegedly discharging the plaintiff too early from a medical clinic, as such claim did not rise to the level of deliberate indifference but would, "at most, constitute a claim of medical malpractice").

Plaintiff fails to state a claim against Defendants for deliberate indifference to serious medical needs in violation of Plaintiff's Eighth Amendment rights. First, the Mecklenburg County Jail is not a "person" subject to suit under 42 U.S.C. § 1983. See Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). Next, as to Defendant Dr. Dawkins, at most, Plaintiff's claim is based on his disagreement with Defendant Dawkins over Plaintiff's treatment—specifically, the medications Defendant prescribed to Plaintiff. Plaintiff's allegations of a disagreement with Defendant over Plaintiff's medical treatment, without more, are not enough to state a claim for deliberate indifference to serious medical needs. Plaintiff further requests this Court to order the jail to institute a procedure for inmates to sign when they "officially" refuse medication. Although federal courts may enter injunctions to prevent Eighth Amendment violations, they may not micromanage state prisons. See Bell v. Wolfish, 441 U.S. 520, 562 (1979). Finally, to the extent that Plaintiff is attempting to bring an Eighth Amendment claim based on his allegation that the prison was cold and inmates had to block their air vents to stay warmer, these allegations are simply not sufficient to state an Eighth Amendment claim for cruel and unusual punishment. See Rhodes v. Chapman, 452 U.S. 337, 347, 349 (stating that the

4

Constitution "does not mandate comfortable prisons," and only those deprivations denying "the minimal civilized measure of life's necessities" are grave enough to form the basis of an Eighth Amendment claim).

### IV. CONCLUSION

For the reasons stated herein, the Court dismisses Plaintiff's action.

**IT IS, THEREFORE, ORDERED that:**

1. Plaintiff's Complaint, (Doc. No. 1), is dismissed with prejudice.

2. Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs, (Doc. No. 1-1), is **GRANTED**.

Signed: June 6, 2013

Robert J. Conrad, Jr.
United States District Judge